**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| RENE APARICIO et al.,<br>Plaintiffs,<br>v.<br>REAL TIME RESOLUTIONS, INC. et al.,<br>Defendants. | Case № 2:26-cv-07287-ODW (MARx)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS [18]** |

Presently before the Court is Defendant Real Time Resolutions, Inc.'s Motion to Dismiss Plaintiffs Rene Aparicio and Caridad Paniagua's First Amended Complaint with prejudice. (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 18.) After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument and **VACATES** the November 16, 2026 hearing. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Because Plaintiffs have not filed an opposition, the Court **GRANTS** the Motion.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." *See Ghazali v. Moran*, 46 F.3d 52,

54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on plaintiff's failure to oppose motion as required by local rules). Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. County of Orange*, 8:10-cv-00901-VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).

The Court has considered the above factors and is persuaded that granting the Motion is appropriate. The hearing on Defendant's Motion was set for November 16, 2026. Plaintiffs' opposition was therefore due by October 26, 2026. However, as of the date of this Order, Plaintiffs have not filed an opposition or any other filing that could be construed as a request for continuance. What is more, Plaintiffs have previously been active in this litigation, filing a First Amended Complaint on August 12, 2026, and later stipulating to extend Defendant's time to answer or respond. (First Am. Compl., Dkt. No. 14; Stip. Ext., Dkt. No. 16.) Thus, the Court deems Plaintiffs' failure to oppose the Motion as consent to granting it.

Accordingly, the Court **GRANTS** the Motion and **DISMISSES** Plaintiffs' First Amended Complaint **WITH PREJUDICE**. (Dkt. No. 18.)

**IT IS SO ORDERED.**

November 10, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**